# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Derek Braziel

## DEFENDANTS
Government Employees Insurance Company

**(b)** County of Residence of First Listed: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

3-03CV0710-G

APR 2003

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mr. David George
Edwards & George, LLP
5847 San Felipe, Suite 2375
Houston, TX 77057
(713) 339-3233; (713) 339-2233 [FAX]

Attorneys (If Known)
James T. Walsh
Arnold & Porter
555 Twelfth Street NW
Washington, DC 20004-1206
(202) 942-5737; (202) 942-5999 [FAX]

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ■ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ■ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory Judgment 28 USC 2001. Plaintiff seeks declaratory judgment declaring that its website does not violate Lanham Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Over $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ■ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Barbara Lynn
DOCKET NUMBER 3:03-CV-00620

DATE 4/7/03
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUN_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEREK BRAZIEL,<br>　　　　Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY,<br>　　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT

Plaintiff Derek Braziel ("Braziel") files this Original Complaint against Defendant Government Employees Insurance Company ("GEICO"), and would show the Court as follows:

### I.
### INTRODUCTION

1.  GEICO is an insurance company. Braziel is a lawyer who has brought a collective action lawsuit against GEICO under the Fair Labor Standards Act ("FLSA") for GEICO's failure to pay wages.[1] Braziel has set up an informational website for his clients using the domain name "www.geicoovertimelawsuit.com." GEICO is demanding that Braziel cease using this domain and transfer ownership of the domain to GEICO. Braziel files this declaratory judgment action seeking a declaration that he has the right to own and use this domain name.

### II.
### PARTIES

2.  Braziel is a Dallas lawyer who represents GEICO employees in an FLSA lawsuit brought in this Court. Braziel is a citizen of Texas.

---

[1] The FLSA lawsuit is currently pending in this Court. *Amie Owens, Individually and on Behalf of All Others Similarly Situated v. Government Employees Insurance Agency a/k/a GEICO*; Civil Action No. 3:03-CV-00620; In the United States District Court for the Northern District of Texas, Dallas Division.

3. GEICO is a Maryland corporation with its principal place of business in Washington, D.C. GEICO may be served with process through its registered agent for service of process, George W. Rogers, 4201 Spring Valley Road, Dallas, Texas 75244.

## III.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, and 2201.

5. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391.

## IV.
## FACTUAL BACKGROUND

6. Braziel is a lawyer who represents GEICO employees who were not properly paid wages. Braziel has filed a collective action under the FLSA on behalf of all similarly situated GEICO employees. The collective action is pending in this Court. *Amie Owens, Individually and on Behalf of All Others Similarly Situated v. Government Employees Insurance Agency a/k/a GEICO*; Civil Action No. 3:03-CV-00620; In the United States District Court for the Northern District of Texas, Dallas Division. To keep his clients informed of the litigation against GEICO, Braziel has set up an informational website regarding the case. The website contains information on the FLSA in general and the lawsuit against GEICO in particular. The website uses the domain name "www.geicoovertimelawsuit.com."

7. On April 3, 2003, GEICO, through the law firm of Arnold & Porter, wrote Braziel a cease and desist letter. A copy of this letter is attached as Exhibit A. GEICO demanded that Braziel "cease all use of this mark and refrain from such use in the future, and unconditionally transfer to GEICO the 'geicooverimelawsuit.com' domain name." Ex. A at 1.

2

GEICO alleges that the website violates §§ 32 and 43 of the Lanham Act and the Anticybersquatting Consumer Proctection Act, 15 U.S.C. § 1125(d). *Id.* at 1-2.

8.  Braziel's use of the letters "g-e-i-c-o" in its domain name does not violate any state or federal law because there is no likelihood of confusion. It is clear that the website has no connection with GEICO and that it is in fact owned by someone suing GEICO. Even the most casual viewer of the website will understand that GEICO in no way sponsors or is affiliated with the website. There is even less likelihood of confusion because Braziel has placed a disclaimer on his website that informs viewers that the website is not related to GEICO. The disclaimer even provides a link to GEICO's official website for those interested in purchasing insurance services.

## V.
## DECLARATORY JUDGMENT

9.  Braziel incorporates by reference all allegations raised in prior paragraphs.

10. Braziel seeks a declaratory judgment declaring that his use of the domain name "www.geicoovertimelawsuit.com" does not violate §§ 32 and 43 of the Lanham Act, the Anticybersquatting Consumer Proctection Act, 15 U.S.C. § 1125(d), or the Texas Anti-Dilution Statute, TEX. BUS. & COMM. CODE § 16.29.

## VI.
## ATTORNEYS' FEES

11. Braziel incorporates by reference all allegations raised in prior paragraphs.

12. Braziel seeks all reasonable and necessary attorneys' fees related to this declaratory judgment action.

## VII.
## **PRAYER**

Braziel prays that a summons be issued to GEICO requiring it to appear and answer herein, and that after trial Braziel have a declaratory judgment declaring that his use of the domain name "www.geicoovertimelawsuit.com" does not violate §§ 32 and 43 of the Lanham Act, the Anticybersquatting Consumer Proctection Act, 15 U.S.C. § 1125(d), or the Texas Anti-Dilution Statute, TEX. BUS. & COMM. CODE § 16.29. Braziel also seeks reasonable attorneys' fees and all other and further relief to which he may show itself justly entitled.

Respectfully submitted,

_____
David George
Texas Bar No. 00793212
EDWARDS & GEORGE, LLP
5847 San Felipe, Suite 2375
Houston, Texas 77057
(713) 339-3233
(713) 339-2233 (Facsimile)

ATTORNEY-IN-CHARGE FOR
PLAINTIFF DEREK BRAZIEL

OF COUNSEL:

Randy Burns
Texas Bar No. 24009925
EDWARDS & GEORGE, LLP
208 N. Market Street, Suite 400
(214) 749-1400
(214) 749-1010 (Facsimile)

4